# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PATRICK FREEMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | |
| BUTTS FOODS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, Patrick Freeman (hereinafter Mr. "Freeman" or "Plaintiff"), and hereby files this Complaint against Butts Foods, Inc. (hereinafter "BFI" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* as amended, (hereinafter "Title VII"), which provides for relief from race discrimination in employment, and 42 U.S.C. § 1981 (hereinafter "Section 1981"), which prohibits discrimination predicated on race in the formation and the enforcement of contracts, and pursuant to 28 U.S.C. §§ 1331, 1343(4), and 1367.

1

2. Mr. Freeman has fulfilled all conditions precedent to the institution of this action under Title VII. Mr. Freeman filed his charge of race discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about February 23, 2020, which was within 180 days of the occurrence of the last respective discriminatory act, Charge No. 420-2020-01451. Mr. Freeman filed an amended Charge of Discrimination on or about May 9, 2020 to encompass BFI's systemic racial discrimination. The EEOC mailed Mr. Freeman's right to sue notice on or about April 20, 2021. A copy of Mr. Freeman's original EEOC Charge of Discrimination, amended Charge of Discrimination, and Notice of Rights are attached hereto as Exhibit A. All claims by Plaintiff under Section 1981 are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658.

3. The unlawful practices alleged herein were committed by Defendant in Jefferson County in the state of Alabama. Thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Mr. Freeman is an African American male citizen of the United States of America, is a resident-citizen of the state of Alabama, and is over the age of 19. At all times relevant to this action, Mr. Freeman was employed by Defendant.

5. Defendant is an employer in Jefferson County, Alabama and is subject to suit under Title VII. At all times relevant to this action, Defendant has employed at

least 15 persons.

## **FACTS**

6.  Mr. Freeman was hired by Mar-Jac Distribution Center (hereinafter referred to as "Mar-Jac") as Operations Manager of its Birmingham, Alabama location on or about June 2018. As Mar-Jac's Operations Manager, Mr. Freeman's duties included, but were not limited to, managing the distribution of certain foodstuffs and related items.

7.  Around October 2018, BFI purchased Mar-Jac's Birmingham location. Mr. Freeman retained the title of Operations Manager.

8.  Mr. Freeman was the sole black operations manager (or similar level employee) at BFI following BFI's acquisition of Mar-Jac.

9.  BFI paid Mr. Freeman less and provided him with fewer job benefits than similarly situated white males.

10. For example, similarly situated white employees were provided company cars and expense cards and paid annual bonuses, which Mr. Freeman did not receive.

11. In December 2019, Jack Starkey (General Manager of BFI's Birmingham operations) and Ken Hart (Sales Director) informed Mr. Freeman that he (Mr. Freeman) was being promoted to General Manager of the Birmingham

facility, effective January 3, 2020, as Mr. Starkey would be moving to the sales department, effective on or about January 20, 2020.

12. In light of his experience of being accorded fewer benefits than similarly situated white employees, Mr. Freeman asked Mr. Starkey and Mr. Bowman whether he would receive benefits (e.g., salary increase, bonuses and perks, like a company car and credit card, etc.) commensurate to the position of General Manager. Mr. Starkey and Mr. Bowman assured Mr. Freeman that he would.

13. In early January 2020, Mr. Freeman received a company car (Nissan Altima), and BFI ordered his corporate credit card. The Altima was later taken, and Mr. Freeman was provided a Chevrolet Impala.

14. On or about January 3, 2020, Luke Collins, Director of Transportation, called Mr. Freeman and congratulated him on his promotion to General Manager. Further, Ken Hart, VP of Business Development, scheduled a meeting with Mr. Freeman to formally welcome him as General Manager of the Birmingham facility and provide the particulars of his compensation and benefits package.

15. However, in a totally surprising and stunning turn of events, BFI snatched the General Manager position from Mr. Freeman and awarded it to Hal Bowman, a white male.

16. Mr. Freeman had always performed his duties well, had never been subject to any type or form of disciplinary action, and was well-qualified for the

General Manager position.

17. In reaction to BFI's racially-motivated unfavorable employment actions, Mr. Freeman resigned his employment with BFI in January 2020.

18. On or about February 23, 2020, Mr. Freeman filed a charge of discrimination in the Birmingham District Office of the Equal Employment Opportunity Commission, alleging race discrimination in violation of Title VII (EEOC Charge No. 420-2020-01451).

19. Mr. Freeman amended his Charge of Discrimination on or about May 8, 2020 to address and include BFI's discriminatory treatment of its black employees.

20. The EEOC mailed its Dismissal and Notice of Sue Rights on EEOC Charge number 420-2020-01451 to Mr. Freeman on or about April 20, 2021.

## **COUNT I—TITLE VII (Race Discrimination)**

21. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-20 as if set forth herein verbatim.

22. As Operations Manager of Defendant's Birmingham (Tarrant) facility Mr. Freeman was the highest level African American employee at said location.

23. However, Defendant denied Mr. Freeman the same level of perquisites and benefits of similarly situated white employees.

24. Moreover, BFI promoted Mr. Freeman to General Manager of its

Birmingham (Tarrant) facility in early January 2020.

25. Mr. Freeman began receiving the perks and benefits soon after his promotion.

26. However, Defendant reversed course and named Hal Bowman, a white male, to the Birmingham facility General Manager post.

27. Plaintiff is embarrassed and humiliated by Defendant's racially discriminatory conduct.

28. Defendant's practices set forth in this section were motivated by racial animus in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant treated Mr. Freeman more adversely than similarly-situated Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of Defendant's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation/wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies under Title VII.

29. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has

suffered irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## COUNT II — 42 U.S.C. § 1981 (Race Discrimination)

30. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-29 above as if set forth herein verbatim.

31. Defendant refused to accord the same level of employment benefits to Mr. Freeman as that of similarly-situated white employees, which interfered with Mr. Freeman's ability to contract and to enjoy the benefits of contractual arrangements to the same level as his Caucasian counterparts.

32. Moreover, Defendant's awarding the General Manager position of its Birmingham facility to Hal Bowman was motivated by racial animus, which likewise interfered with Mr. Freeman's ability to contract and to enjoy the benefits of contractual arrangements to the same level as his Caucasian counterparts.

33. Defendant's practices set forth in this and the previous section were motivated by racial animus in violation of 42 U.S.C. § 1981. On information and belief, and but for Plaintiff's race (African-American) Defendant would neither have accorded Plaintiff fewer benefits than similarly situated white employees nor would have taken the Birmingham facility General Manager position from Patrick Freeman and given it to Hal Bowman.

34. Defendant treated Plaintiff more adversely than similarly-situated

Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of BFI's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation wages, back pay, compensatory and punitive damages, and other employment benefits, and, as such is entitled to legal and equitable remedies under 42 U.S.C. § 1981.

35.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Butts Foods, Inc. violated the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at

Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

3.      Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position he would have had in the absence of its racial discrimination or, alternatively, award Plaintiff an appropriate level of front pay; (ii) back pay; (iii) lost seniority; (iv) compensatory damages for the humiliation, embarrassment, and other emotional harm Plaintiff has endured due to Defendants discriminatory practices, and (v) lost benefits.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of punitive damages, costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL WILL TRANSMIT THE COMPLAINT TO DEFENDANT'S COUNSEL VIA CERTIFIED DELIVERY OR OTHER AGREEABLE METHOD.**

Respectfully submitted, this 14th day of July, 2021.

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
3720 4th Avenue South
Birmingham, AL 35222
rlbsportsmgnt12@gmail.com

205.422.9015 (P)
800.693.5150 (F)


*/s/ Roderick T. Cooks*
Roderick T. Cooks
Attorney for Plaintiff
Alabama Bar No. 5819-O78R
Winston Cooks, LLC
505 20th Street North, Suite 815
Birmingham, AL 35203
rcooks@winstoncooks.com
205.502.0970 (P)
205.278.5876 (F)

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant Butts Foods, Inc.'s counsel below.  Done this 14th day of July, 2021.

*/s/Robert L. Beeman, II*_____
Robert L. Beeman, II
[ASB-1838-E63R]


Butts Foods, Inc.
    c/o Mr. Wesley Redmond
FordHarrison
420 20th Street North, Suite 2560
Birmingham, AL 35203